UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. White, #080622, | ) C/A No. 4:06-3522-CMC-TER |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden Rushton, | ) |
| Respondent. | ) |

The petitioner, John K. White (Petitioner), is a state prisoner, proceeding *pro se,* seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

### *Pro Se* Review

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke,* 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990). A careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 (Habeas Rules) and the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub.L. No.104-132, 110 Stat. 1214. Under Rule 4 of the Habeas Rules, district courts "must promptly examine" petitions filed under § 2254 and, when applicable, dismiss the petition "[i]f it plainly appears ... that the petitioner is not entitled to relief."

## Background

Petitioner, a state prisoner, entered a guilty plea to charges of housebreaking; larceny; rape; and assault and battery of a high and aggravated nature, before the Sumter County Court of General Sessions in March 1976. He was sentenced to forty years, fifteen years and five years. Petitioner is presently incarcerated at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections. He did not file a direct appeal of his convictions, but he filed a Post-Conviction Relief (PCR) application (2002-CP-43-517) in 2002, which was denied April 29, 2004, as untimely under governing South Carolina statutes. The South Carolina Supreme Court dismissed Petitioner's *certiorari* petition in January 2006. Petitioner's federal habeas petition under § 2254 in this case was filed in December 2006.

This action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed on December 18, 2006, when received for docketing. The envelope in which the petition was mailed is stamped as received by the mail room of the prison on December 12, 2006, and the envelope is postmarked that same day. Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), which found that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petition is considered filed on December 12, 2006, for purposes of calculating dates applicable to the statute of limitations.

Upon initial review, Petitioner did not address the filing fee for filing his habeas action. By Order filed December 28, 2006, Petitioner was given a specific time in which to pay the filing fee

2

or file an application to proceed without prepayment of the filing fee (form AO 240). [entry # 3]. Petitioner complied by filing a Motion to Proceed *In Forma Pauperis*, which brought the case into proper form for evaluation under Rule 4 of the Rules Governing Section 2254 Cases. [entry # 4]. Upon preliminary review, the information provided in the petition indicated the case was not timely filed and thus Petitioner was not entitled to the relief requested. By Order filed March 5, 2007, Petitioner was notified that the Court was considering dismissal of the petition based on the one-year statute of limitations, and Petitioner was given twenty days to file a factual explanation for why his petition should be considered timely under the one year limitation period established by 28 U.S.C. § 2244(d). [entry # 7]. Petitioner filed a response on March 14, 2007. [entry # 8].

## Discussion

Petitioner's § 2254 petition is untimely under 28 U.S.C. §2244(d). On April 24, 1996, the AEDPA became law and put in place a statute of limitations for habeas petitions filed pursuant to § 2254. The AEDPA, in part, states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

Petitioner's conviction became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his petition. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998)(one year from enactment of statute is reasonable period to file habeas action if otherwise foreclosed by new statute of limitations). Petitioner did not file anything challenging his convictions until 2002, when he filed a state PCR proceeding which was denied as untimely. His request for federal habeas relief under § 2254 in this case was filed in December 2006, and is clearly untimely. Under the AEDPA, Petitioner had to file a federal habeas petition prior to April 24, 1997, unless that time was extended based on pending state proceedings. Properly filed state court challenges to Petitioner's convictions could toll the time for filing for federal habeas relief. 28 U.S.C. §2244(d)(2). The petition, however, reveals that no state proceedings were begun prior to 2002, so the time to file a federal § 2254 petition could not be extended. In fact, according to the petition, the time to file a federal § 2254 petition expired on April 24, 1997, because no state court proceedings were filed between April 24, 1996 and April 24 1997.

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Petitioner could be entitled to equitable tolling of the statute of limitations if presenting facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The standard habeas petition form (AO-241) requests information in question number eighteen (18)

4

pertaining to the timeliness of the petition. The question states" [i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner did not respond to the question.

The Court notified Petitioner by Order filed March 5, 2007, that the Court was considering dismissal of the petition based on the one-year statute of limitations, and Petitioner was given twenty days to file a factual explanation for why his petition should be considered timely under the one year limitation period established by 28 U.S.C. § 2244(d). Petitioner filed a response, which indicates his erroneous belief that "on the order of Judgment by the South Carolina Supreme Court on January 6, 2006, the Petitioner had one year to file his petition for Habeas Corpus." Both the habeas petition form and the March 5, 2007 Order of this Court provided the language of the one year limitation period established by 28 U.S.C. § 2244(d). The one year does not begin to accrue at the time of a final state court decision. The one year limitation period accrues from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petition reveals that Petitioner did not file a direct appeal of his convictions, but only filed a PCR action. A state PCR proceeding is a collateral attack of a conviction, not direct review, and, at most, "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" while pending, "shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Prior to the AEDPA, a prisoner's time to file a habeas petition was not limited by statute. *See Brown v. Angelone*, 150 F.3d 370, 371 (4th Cir. 1998). In Petitioner's case, his conviction preceded the law, so that the one year began to run from the date the AEDPA was enacted, April 24, 1996.

5

The one year limitation can be tolled by state court proceedings, meaning the allowable 365 days are not adding up during a properly filed state court proceeding. So, if Petitioner had filed a proper state court proceeding before the 365 days expired, his 365 days would essentially be extended by the time the state court proceeding was pending. Petitioner did not file a state court action until 2002, six years after enactment of the statute of limitations. No explanation is given for the delay in filing a § 2254 petition prior to 2002, although the petition is clearly filed beyond the one-year statute of limitations.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, _ U.S. _, 126 S.Ct. 1675, 1684 (2006). The Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F3d 701 (4th Cir. 2002). The petition form clearly instructed Petitioner that "you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Petitioner did not respond. The Order issued March 5, 2007, notified Petitioner that his petition was being considered for dismissal based on the untimeliness of his petition. Petitioner was given an opportunity to respond to the Order and explain why Petitioner did not file his § 2254 petition within the time

6

allowed by the one-year statute of limitations and present any facts "that militate against the application of the limitations bar." *McMillan v. Jarvis*, 332 F3d at 249. Petitioner has not presented facts that meet the requirements for equitable tolling, which could allow filing outside of the established time limitations. The petition is clearly filed outside of the time allowed by the statute of limitations, so the petition should be dismissed.

### Recommendation

Accordingly, it is recommended that this case be **dismissed with prejudice** and without requiring the respondents to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). **The petitioner's attention is directed to the notice on the next page.**

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 9, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).